UNITED STATES COURT OF APPEALS

FOR THE FIRST CIRCUIT

UNITED STATES

    v.                                        No. 23-1839

IAN FREEMAN, f/k/a Ian Bernard

## MOTION FOR RELEASE FROM CUSTODY PENDING APPEAL

    Defendant-Appellant Ian Freeman moves the Court pursuant to Fed. R. App. P. 9(b) and 18 U.S.C. § 3143 for release from detention pending final disposition of his direct appeal in the above-captioned matter. As recognized by the district court, Mr. Freeman is not likely to flee, is not a danger to the community, and is not appealing for the purpose of delay. The only question is whether his appeal raises a substantial question of law. The district court answered that question in the negative. However, now that the case has been fully briefed and the matter set for oral argument, this Court is in a position to recognize that the appeal does present substantial questions of law which are novel and important, and upon which Mr. Freeman has at least a reasonable chance of prevailing. Mr. Freeman should be released pending resolution of these questions. In addition to the time necessary for a panel decision, there will very likely be additional delays when a rehearing is requested and a petition for certiorari is filed. Therefore, Mr. Freeman seeks release now, for the reasons detailed below.

1

## PROCEDURAL HISTORY.

The full procedural history of this case is provided in the briefs in Mr. Freeman's direct appeal. *See United States v. Freeman*, No. 23-1839 (1st Cir.). On December 22, 2022, a jury found Freeman guilty of one count of Operation of Unlicensed Money Transmitting Business, one count of Conspiracy to Operate Unlicensed Money Transmitting Business, one count of Money Laundering, one count of Conspiracy to Commit Money Launder, and four counts of Attempt to Evade or Defeat Tax.[1] Add. 1-2; App. 2234. Eight months later, on August 22, 2023, the trial court granted Freeman's Rule 29 motion for a judgment of acquittal on the substantive money laundering count. App. 2270-2304.

Prior to trial, Freeman asked the district court to dismiss the two unlicensed money transmitting business counts. App. 89-111. The district court denied that motion in a ruling which is the primary issue in this appeal. Add. 14-48; App. 139-91, 2270-2304.

On October 2, 2023, the district court imposed the judgment and sentence for the convictions as provided in 18 U.S.C. § 371, 18 U.S.C. § 1960, 18 U.S.C. §1960(b)(1)(B) and (C), and 18 U.S.C. § 1956(h), and 26 U.S.C. §7201. Add. 1-3;

---

[1] References to the record are as follows:
"Br. #" refers to the page numbers of Freeman's brief;
"Reply Br. #" refers to the page numbers of Freeman's reply brief;
"Add. #" refers to the page numbers of the Addendum to Freeman's brief;
"App. #" refers to the page numbers of the Joint Appendix.

App. 2641, 2650, 2661 (amended on 10/10/2023 and 2/9/24). The district court sentenced Mr. Freeman to 96 months in prison. Add. 3.

Prior to the district court's imposition of his sentence, on September 6, 2023, Freeman filed a Motion for Release Pending Appeal. *Def's Mem. – The Ct. Should Release Ian Freeman Pending Appeal to the 1st Circuit*, ECF No. 341; App. 2634. The United States opposed. App. 2634. At the second day of sentencing, the district court worked through all of the 18 U.S.C. § 3143(b)(1)(A)-(B) factors and concluded by clear and convincing evidence that while Freeman is not likely to flee or pose a danger to the community and that the appeal was not for the purpose of delay, Freeman did not raise a substantial question of law. App. 2637-39. The court therefore ordered Freeman into custody. *Id.* He has remained incarcerated since October 2, 2023.

## APPLICABLE LAW.

Federal Rules of Appellate Procedure 9(b) provides:

> A party entitled to do so may obtain review of a district-court order regarding release after a judgment of conviction by filing a notice of appeal from that order in the district court, or by filing a motion in the court of appeals if the party has already filed a notice of appeal from the judgment of conviction. Both the order and the review are subject to Rule 9(a). The papers filed by the party seeking review must include a copy of the judgment of conviction.

Furthermore, Fed. R. App. P. 9(c) provides that the "court must make its decision regarding release in accordance with the applicable provisions of 18 U.S.C. §§ 3142, 3143, and 3145(c)." Likewise, Fed. R. Crim. P. 46(c) provides that for

release from custody pending sentencing of appeal, the "provisions of 18 U.S.C. § 3143 govern release pending…appeal" and the "burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."

Relevant here, 18 U.S.C. § 3143(b) governs release or detention pending appeal by the defendant. There is a presumption that the defendant found guilty shall be detained,

> [U]nless the judicial officer finds—(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released…and (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—(i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. §§ 3143(b)(1)(A)-(B). And if "the judicial officer makes such findings, such judicial officer shall order the release of the person…". 18 U.S.C. § 3143(b)(1)(B).

Additionally, 18 U.S.C. § 3145(c) explains that an "appeal from a…detention order…is governed by the provisions of section 1291 of title 28 and section 3731 of this title," that the "appeal shall be determined promptly" and that a "person subject to detention pursuant to section…[3143](b)(2), and who meets the conditions of release set forth in section [3143](b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there

are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c).

This Court first expounded on these standards in *United States v. Bayko*, 774 F.2d 516 (1st Cir. 1985). It explained that the standard of review for the district court's detention decision must be higher than an "'abuse of discretion' standard" because "only a more rigorous review can provide the kind of protection of both the defendant's liberty interests and the public interest in crime prevention and punishment which Congress felt was necessary in this area." *Id.* at 519-20. Thus, this Court requires an "independent review of the bail decision tempered by deference to the district court's firsthand judgment of the situation" which, while not a "*de novo* hearing divorced from what has taken place below," would nonetheless allow the appellate court to freely "take an independent look at the release decision." *Id.* at 520. *See also United States v. Zimny*, 857 F.3d 97, 98 (1st Cir. 2017).

This Court in *Bayko* described the requirements of 18 U.S.C. § 3143(b) as "two distinct requirements: '(1) that the appeal raise a substantial question of law or fact and (2) that if the substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.'" *Bayko*, 774 F.2d at 522

(quoting *Miller*, 753 F.2d 19, 23 (3d Cir. 1985)). *See also Zimny*, 857 F.3d at 99 (identifying a "substantiality prong" and a "likelihood prong").

As to the first prong and surveying decisions from other appellate courts, this Court adopted the Eleventh Circuit's test from *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985) (per curiam) requiring that the "substantial question of law or fact" on appeal be "close" or "one that very well could be decided the other way." *Bayko*, 774 F.2d at 523 (quoting *Giancola*, 754 F.2d at 901). It requires more than "a possibility of reversal," *Bayko*, 774 F.2d at 523, but "the provision cannot be read to mean that bail is not to be granted unless the district court is willing to say that it will probably be reversed" because that would put the district court in the awkward position of certifying his or her own error. *Bayko*, 774 F.2d at 522. *See also id.* at 523 ("we reject the construction which would make bail contingent upon a finding by the district court that it is likely to be reversed"). "The determination of whether a question is 'close' or not is to be made on a case-by-case basis." *Id.*

As to the second prong, this Court explained that it "has generally been read to mean that if error is found, it must not be harmless or unprejudicial error." *Bayko*, 774 F.2d at 522. That is, "whether a reversal or new trial is likely <u>if</u> the substantial question of [law or] fact…raised…is determined favorably…". *Zimny*, 857 F.3d at 101 (cleaned up, underline in original). The inquiry "proceeds on the

6

assumption that the substantial question of law or fact 'is determined favorably to defendant on appeal.'" *Id.* at 100 (quoting *Bayko*, 774 F.2d at 522). Furthermore, this standard "is applied flexibly—a question that can be regarded as 'close' will often suffice." *United States v. Colon-Munoz*, 292 F.3d 18 (1st Cir. 2002) (quoting *Bayko*, 774 F.2d at 523).

## ALL THE 18 U.S.C. 3143 FACTORS FAVOR FREEMAN'S RELEASE.

The district court already found that all but one of the 18 U.S.C. § 3143(b)(1) factors favor Freeman's release.

First, there is "clear and convincing evidence that [Freeman] is not likely to flee or pose a danger to the safety of any other person or the community." 18 U.S.C. § 3143(b)(1)(A). The district court expressly found that Freeman was "not a danger and not a flight risk." App. 2637. Freeman was on bail during his trial and on bail pending sentencing, which this Court has said indicates that the defendant does not pose a risk of flight or danger to the community. *See Zimny*, 857 F.3d at 99 (approvingly highlighting *United States v. Weiner*, No. 92-1708, 1992 U.S. App. LEXIS 28794 (1st Cir. July 31, 1992) and noting that when the defendant remained on bail during trial that supports finding no risk of flight or dangerousness). Freeman is currently incarcerated at FMC Devens at the minimum-security satellite camp where he works as a GED tutor under "trustee status."

This Court says these factors can "convincingly" show that a defendant is not a flight risk or danger to the community. *Zimny*, 857 F.3d at 99 (finding a defendant had met his § 3143(b)(1)(A) burden in part by looking to his status in custody and noting his security level was "MINIMUM" and his custody level was "OUT").

Next, Freeman's appeal is not for the "purpose of delay." 18 U.S.C. § 3143(b)(1)(B). The district court already found "that the appeal [was] not for the purpose of delay…I don't look at it as dilatory; I think you have good-faith appeal." App. 2637. The substantive issues Freeman has raised in his appeal to this Court and in his reply to the Government's brief further demonstrate that his appeal is in good faith and not dilatory.

Finally, were Freeman's appeal to be successful, it will likely result in a reversal or an order for a new trial. 18 U.S.C. § 3143(b)(1)(B)(i)-(ii). The basis for this conclusion is contained in Freeman's brief and reply brief. Br. 23-59, 67; Reply Br. 13-35. In his appeal, Freeman requested that this Court "reverse the trial court's denial of his motion to dismiss counts 1 and 2 of the indictment, that the court enter judgments of acquittal on the four tax evasion counts, [and] that the court order a new trial on any remaining charges." Br. 67. Freeman explained at length how reversing the trial court's decision on Freeman's motion to dismiss requires vacating the money transmitting convictions and a new trial on the other

8

counts because of the spillover prejudice. *Id.* at 52-59. Even the district court explained that it had never faced a release decision that was so close; it had "never had to apply the statute like down to [18 U.S.C. 3143(b)(1)(B)] (iv), (B)(iv), like I have in this case; it never gets that far." App. 2638.

### THE SOLE ISSUE IS WHETHER FREEMAN RAISES A "SUBSTANTIAL QUESTION OF LAW."

Thus, because the district court already determined that Freeman poses no risk of flight or danger and that his appeal was not for the purposes of delay, and because a favorable decision by this Court will likely result in a reversal and a new trial, the sole question before this Court is whether Freeman's appeal raises a "substantial question of law or fact," that is, "a 'close' question or one that very well could be decided the other way." *Zimny*, 857 F.3d at 100 (quoting *Bayko*, 744 F.2d at 523).

The district court erred in concluding that Freeman did not raise "a substantial question of law or fact likely to result in reversal." App. 2637-38. In its analysis of the issues Freeman planned to appeal, the district court did not

> see our Court of Appeals reversing that decision. I guess it's possible the U.S. Supreme Court might, because the major questions doctrine and questions of Congressional authority and statutory construction are very actively debated on our Supreme Court, but I don't think the odds are good.

9

<pre>
</pre>

*Id.* at 2638. Nonetheless, the court added, knowing that Freeman was "going to appeal right away, and maybe the Court of Appeals will disagree, and you can file a motion for release pending appeal there." *Id.* at 2639.[2]

The legal issues presented in Freeman's appeal are not routine or settled. Nor is this an instance where the defendant is making a sufficiency of the evidence challenge to his conviction and therefore facing a particularly exacting standard. *See, e.g.*, *United States v. Weiner*, 972 F.2d 337 (1st Cir. 1992) (table decision) [published in full-text format at 1992 U.S. App. LEXIS 28794]; *United States v. Herndon*, No. 24-1272, 2024 U.S. App. LEXIS 15573, at *3-*4 (6th Cir. June 26, 2024). This case is more like the situation in *United States v. Alfonzo-Reyes*, 427 F. Supp. 2d 41 (D.P.R. 2006), where the defendant raised a substantial and unsettled issue of law. *Id.* at 45-46. *See also United States v. Tormos-Vega*, 907 F.2d 215 (1st Cir. 1990) (granting bail because appellate court had granted en banc hearing regrading magistrate empaneling of jury); *United States v. Bravo-Fernández*, 320 F. Supp. 3d 321, 324 (D.P.R. 2018) (finding substantial question of law where convictions rested on definition of benefits versus funds in light of Supreme Court's decision in *Fischer v. United States*, 529 U.S. 667 (2000)); *United States v.*

---

[2] Somewhat confusingly, the district court judge added that he didn't "think the defendant has made the required showing under 18 U.S.C. Section 3143(b)(B), (b)(A) or (b)(B)." App. 2639. However, that appears to have been a misstatement considering the other explicit findings that Freeman is not a risk of flight, not a danger, and is not appealing as a dilatory tactic.

<pre>
</pre>

*Perez*, 599 F. Supp. 3d 1, 5 (D. Me. 2022) (finding a substantial question of law as to whether the controlling First Circuit's decision on searches incident to arrest remains good law in light of a subsequent Supreme Court decision). Freeman has raised a substantial question of law because, as he has described in his brief and reply before this Court, new Supreme Court jurisprudence indicates the Government exceeded its statutory authority when it sought to regulate virtual currencies without express authorization from Congress. The issue is unsettled with no controlling appellate precedent and therefore precisely the sort of "close" question that raises a substantial question of law.

### THE DEVELOPMENT OF THE FIRST CIRCUIT'S *BAYKO* STANDARDS SHOWS THAT UNRESOLVED AND NON-FRIVOLOUS ARGUMENTS ABOUT THE APPLICATION OF NEW SUPREME COURT DECISIONS CREATE "CLOSE" QUESTIONS.

Of course, not every novel question is "substantial." In the *Bayko* decision, this Court surveyed other circuits before settling on the Eleventh Circuit's *Giancola* standard. The *Giancola* court had, in turn, looked at the Third Circuit's "thoughtful" decision in *United States v. Miller*, 753 F.2d 19 (3d. 1985) but questioned the Third Circuit's definition of a substantial question, "one which is either novel,…has not been decided by controlling precedent, or…is fairly doubtful." *Giancola*, 754 F.2d at 900. Nevertheless, the *Giancola* court "note[d]" (and the *Bayko* court agreed) that there may be no precedent regarding a novel issue because the issue is frivolous. *Giancola*, 754 F.2d at 901; *Bayko*, 774 F.2d at

11

523. Not surprisingly, frivolous arguments do not create "substantial" or "close" questions of law.

But here, the district court has already acknowledged that Freeman's appeal is "a good-faith appeal," that "maybe the Court of Appeals will disagree" and that it is "possible the U.S. Supreme Court might" see the issue differently. App. 2637-39. Freeman's appeal is not, therefore, "so patently without merit" or "insubstantial" as to fall within this exception. *Bayko*, 774 F.2d at 523. Nor is it a situation where there has been "unanimous resolution of the issue by other circuits." *Id.*

Rather, as far as Freeman can determine, his appeal represents a novel application of a recent United States Supreme Court decision to an equally novel factual situation. As one district court has explained, "where a defendant challenges the Court's ruling on a novel question of law and provides a rationale for a contrary interpretation that is supported by arguably applicable legal authority – the Court cannot say that the question for appeal is insubstantial or not susceptible to a different answer." *United States v. Quinn*, 416 F. Supp. 2d 133, 136 (D.D.C. 2006). *See also United States v. Pruett*, No. 09-00112-01, 2011 U.S. Dist. LEXIS 77082, at *17-18 (W.D. La. July 15, 2011) (explaining that "[g]iven the lack of controlling precedent, the ensuing decision of the Supreme Court, and the

Court's own struggle with this question, the Court finds" a substantial question). This is precisely the situation here.

When the district court was initially confronted with the defendant's argument, it acknowledged that it did not know how the major questions doctrine applied to the case. App. 152 ("I don't know if that's true or not. I don't think it is, but I don't know. It certainly isn't something they're creating precedent for. I mean, specific precedent for, you know."); *id.* at 154 ("I don't even know because, like, what passes for a major question is by no means clear under the law yet."). As noted above, the district court also recognized that the major questions doctrine is "very actively debated on our Supreme Court." *Id.* at 2638. Recognizing the novelty of the argument, the court acknowledged that "[i]f I'm wrong, I take no offense." *Id.* at 2639.

## CONCLUSION

Mr. Freeman is not a danger and not a risk of flight. He is not appealing for the purposes of delay. He is appealing because his case raises novel and important questions of law. With those issues now squarely presented, the Court should recognize that a substantial question of law is presented. For those reasons, Mr. Freeman requests that this Court grant his motion for his release pending appeal pursuant to Federal Rules of Appellate Procedure 9(b) and 18 U.S.C. § 3143.

Date: January 22, 2025

/s/ Richard Guerriero
Richard Guerriero
1st Circuit Bar ID 1164673
Oliver Bloom
1st Circuit Bar ID 1211240
Lothstein Guerriero, PLLC
39 Central Square, Suite 202
Keene, NH 03431
(603) 352-5000
richard@nhdefender.com
oliver@nhdefender.com

Mark L. Sisti
1st Circuit Bar ID 37832
Sisti Law Offices
387 Dover Road
Chichester, NH 03258
(603) 224-4224
info@sistilawoffices.com