UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 23-1839

UNITED STATES OF AMERICA,
Appellee

v.

IAN FREEMAN,
f/k/a Ian Bernard,
Defendant-Appellant

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S
MOTION FOR RELEASE PENDING APPEAL**

After an 11-day trial, Freeman was convicted of conspiracy to operate an unlicensed money-transmitting business, in violation of 18 U.S.C. § 371; operating an unlicensed money-transmitting business, in violation of 18 U.S.C. § 1960(a), (b)(1)(B), and (C); money-laundering conspiracy, in violation of 18 U.S.C. § 1956(h); and four tax-evasion counts, in violation of 26 U.S.C. § 7201. JA:2661-2662.  The district court sentenced Freeman to a total term of 96 months, reflecting concurrent terms of 96 months on the money-laundering-conspiracy count and 60 months on each of the remaining counts.  JA:2663.

After sentencing, the district court denied Freeman's motion for bail pending appeal.  JA:2638.  The court did not see a likelihood that this Court would accept Freeman's challenge to his unlawful money-transmitting

1

convictions based on the major-questions doctrine. *Ibid*. The court further "c[ould not] imagine" that this appeal "would result in a sentence of less time than it's going to take for the appeal." *Ibid*.

Over 15 months later, and after the completion of briefing, Freeman renewed his motion for bail pending appeal with this Court. He again argues (Mot. 11) that his appeal raises a substantial question of law on whether "the Government exceeded its statutory authority when it sought to regulate virtual currencies without express authorization from Congress." That contention lacks merit. Moreover, it implicates only the unlawful money-transmitting counts. Freeman has not demonstrated a substantial question of law or fact with respect to the money-laundering-conspiracy or tax-evasion counts, for which the district court also imposed lengthy prison terms.

For these reasons and those set forth in the government's answering brief, Freeman's appellate claims are not likely to result in reversal, an order for a new trial, or a reduced sentence. The Court should deny this motion.

## Background

As the government's answering brief catalogued, Freeman operated an unlicensed money-transmitting business involving bitcoin. He and others then conspired to launder criminal proceeds through their various entities.

Scam victims sent their personal savings to individuals whom they met over the Internet and believed to be a romantic companion or investment partner. Freeman facilitated these transactions. The victims were instructed to deposit their money into Freeman-controlled bank accounts and to inform their banks that they were making church donations or purchasing rare coins. After confirming the deposit, Freeman transferred bitcoin to the individual who had scammed the victim. Freeman also kept a large cut as a commission.

## Bail Standard and Standard of Review

Freeman must establish that his appeal "raises a *substantial* question of law or fact likely to result in … reversal, … an order for a new trial, … a sentence that does not include a term of imprisonment, or … a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." 18 U.S.C. § 3143(b)(1)(B) (emphasis added). This provision "breaks down into two distinct requirements," namely: "(1) that the appeal raise a substantial question of law or fact and (2) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *United States v. Bayko*, 774 F.2d 516, 522 (1st Cir. 1985) (citation omitted); *accord United States v. Zimny*, 857 F.3d 97,

99 (1st Cir. 2017). A "substantial question" is one that is "close" in the sense that it "very well could be decided the other way." *Bayko*, 774 F.2d at 523 (citation omitted); *Zimny*, 857 F.3d at 100. Questions are not "substantial" simply because they are "novel," not the subject of "controlling precedent," "undecided," or "fairly debatable." *Bayko*, 774 F.2d at 522-523 (citation omitted). So too, the mere "possibility of reversal" does not warrant bail pending appeal. *Id.* at 523.

This Court reviews the denial of release pending appeal under the "independent look" standard, which entails an "independent review of the bail decision tempered by deference to the district court's firsthand judgment of the situation." *Bayko*, 774 F.2d at 520 ("[W]e do not … conduct our own de novo hearing, divorced from what has taken place below"). Under this standard, the Court defers to the trial judge's rulings because "the district judge's opportunity to view the accused at trial, and to hear the evidence, provides an extra dimension not available to appellate judges for forming a judgment in postconviction release matters." *Ibid.* (internal quotations and citations omitted).

4

## Argument

1.  Freeman's motion (Mot. 9-11) alleges one substantial question: whether the federal statutes governing money transmitting at the time of his conduct (18 U.S.C. § 1960 and 31 U.S.C. § 5330) reached sellers of bitcoin. That contention lacks merit.

An individual who operates a business that "transfer[s] funds on behalf of the public by any and all means," 18 U.S.C. § 1960(b)(2), and who also fails to follow the registration requirements in 31 U.S.C. § 5330, faces criminal punishment under 18 U.S.C. § 1960(b)(1)(B). At the time of Freeman's conduct, "any … person who engage[d] as a business in the transmission of funds" was obligated to register with the Department of Treasury. 31 U.S.C. § 5330(d)(1)(A) (2001). This dispute thus turns on a question of statutory interpretation: whether a bitcoin seller like Freeman engages in "the transmission of funds."

The statutory text resolves that question. The term "funds" refers to "something generally accepted as a medium of exchange, a measure of value, or a means of payment." *United States v. Iossifov*, 45 F.4th 899, 913 (6th Cir. 2022) (citation omitted). Because "[b]itcoin is often used [to] pay for things" and serves "as a medium of exchange" for U.S. dollars and other currencies, *ibid.*, it

qualifies as "funds" under Section 5330(d)(1)(A). Every court to confront this question has endorsed that plain-meaning construction. JA:2280-2281 (cataloging decisions).

Freeman's contrary position rests on misunderstanding of the major-questions doctrine. That doctrine governs "regulatory assertions" by administrative agencies, *West Virginia v. EPA*, 597 U.S. 697, 722 (2022), and "expect[s] Congress to speak clearly if it wishes to assign to an agency decisions of vast economic and political significance," *id*. at 716 (internal quotation marks and citation omitted).

As the government's answering brief explained (Br. 37-38), Freeman was prosecuted for violating the federal money-transmitting *statutes*. Whether or not Freeman's conduct in selling bitcoin violated those laws requires this Court to engage in a straightforward exercise of statutory interpretation. The major-questions doctrine—which tests the validity of agency *regulatory* action—has nothing to do with that inquiry.

2. Freeman's motion also fails to show a reasonable likelihood that a favorable decision on this question would result in reversal, an order for a new trial, or a reduced sentence on the other counts for which the district court imposed lengthy prison terms.

a. The jury separately found Freeman guilty of money-laundering conspiracy and the district court sentenced him to 96-months of imprisonment on that count. Freeman challenges this conviction on one ground: evidentiary spillover from the district court's post-trial vacatur of a substantive money-laundering count.

No substantial question of law or fact exists on this count. No evidentiary spillover occurs where "the government's case against [the defendant] would have comprised essentially the same evidence even if the government had not seen fit to charge him with the acquitted [count]." *United States v. Simon*, 12 F.4th 1, 44 (1st Cir. 2021). The district court ruled that the trial evidence associated with the vacated count was independently admissible towards the money-laundering-conspiracy count; no spillover accordingly occurred. JA:2504. Freeman fails to show an abuse of discretion in that ruling; in fact, his opening and reply briefs omit any discussion of it.

b. The jury also found Freeman guilty of four tax-evasion counts and the district court sentenced him to 60-months of imprisonment on each count. Freeman presses a sufficiency-of-the-evidence challenge to those convictions.

No substantial question of law or fact exists on these counts. As Freeman recognizes (Mot. 10), this Court imposes a "particularly exacting standard" on

7

defendants who advance sufficiency claims. Moreover, the government's answering brief (Br. 44-49) catalogued the extensive trial evidence—including Freeman's own messages—showing his willful evasion of his tax obligations. Freeman's reply brief omitted any discussion of or response to the government's presentation, undercutting the likelihood of appellate reversal on sufficiency grounds.

Given these other counts of conviction and the attendant prison terms, Freeman's major-questions challenge to his money-transmitting convictions does not warrant his release pending appeal. As the district court correctly recognized, there is no reasonable probability that this claim (even if successful) would result in reversal, an order for a new trial, or a reduced prison term on the other counts "less than the total time already served … plus the expected time of an appeal." JA:2637-2638.

## **Conclusion**

The Court should deny Freeman's motion for release pending appeal.

Respectfully submitted,

| | |
|---|---|
| JOHN J. MCCORMACK<br>Acting United States Attorney<br>District of New Hampshire | KEVIN O. DRISCOLL<br>Deputy Assistant Attorney General |
| | /s/David M. Lieberman |
| JOHN J. KENNEDY<br>Assistant United States Attorney | DAVID M. LIEBERMAN<br>Attorney, Appellate Section<br>Criminal Division<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, DC 20530<br>(202) 262-6805<br>david.lieberman@usdoj.gov |

## Certificate of Service

I certify that on January 22, 2025, I electronically served a copy of the foregoing document on counsel for appellant via the Court's ECF system.

Richard Guerriero
Lothstein Guerriero, PLLC
39 Central Square, Suite 202
Keene, NH 03431

/s/David M. Lieberman

## Certificate of Compliance

1. This response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 1,463 words.

2. This response complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared on a proportionally spaced typeface using Microsoft Word in 14-point Calisto MT font.

/s/David M. Lieberman